IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOC-SMG, INC.,

       *Plaintiff*,

   v.                                     No. 1:20-cv-1422-SB

DAY & ZIMMERMANN, INC.,

       *Defendant*.

---

Gary W. Lipkin, Alexandra D. Rogin, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, Delaware.

                                 *Counsel for Plaintiff*.

Martin S. Lessner, M. Paige Valeski, Alberto E. Chávez, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Attison L. Barnes, III, Krystal B. Swendsboe, WILEY REIN LLP, Washington, D.C.

                                 *Counsel for Defendant*.

---

**MEMORANDUM OPINION**

July 28, 2021

BIBAS, *Circuit Judge*, sitting by designation.

SMG and Day & Zimmermann are private security companies. Compl. ¶ 7, D.I. 1. They formed a joint venture called SOC. *Id.* ¶ 16. Later, Day bought SMG's stake in the venture. *Id.* ¶ 28. Now SMG has sued, claiming that Day owes more money for that stake. Because SMG's claims are plausible, I will deny Day's motion to dismiss.

When the deal closed, SOC's value was uncertain: the venture had claims against the State Department that could be worth millions of dollars. To account for that, the parties agreed that Day would pay more for SMG's stake if those claims did well. The contract valued the claims (the "REA Receivables") at a tentative $32.1 million. *Id.* ¶ 30. If Day got a "final payment for the REA Receivables from the State Department," it would have to pay SMG based on how much it recovered. *Id.* If Day got less than $22.5 million (70% of $32.1 million), it would owe SMG nothing. Otherwise, it would owe $1–3 million. *Id.*

Day later settled the claims. *Id.* ¶ 36. At the same time, it settled some other, unrelated claims against the State Department. For all these claims, it got a lump sum of $43.5 million. *Id.* ¶ 38. When SMG learned of this, it demanded payment. But Day refused. Because it got a lump sum, Day reasoned, SMG could not say how much of the settlement was for the receivables. So Day felt it owed nothing. *Id.* ¶¶ 38, 41. SMG sued for breach of contract and breach of the implied covenant of good faith and fair dealing. Day has moved to dismiss both. But both claims survive.

Start with the contract claim. To win this claim, SMG must show that it had a contract with Day, that Day breached the contract, and that it was harmed. *VLIW*

*Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Day concedes (for now) that there was a valid contract. It also concedes that under the contract, it had to pay SMG if it got more than $22.5 million for the receivables. D.I. 5, at 10–11 & n.8. But Day notes that SMG did not specify what portion of the $43.5 million settlement was for the receivables. So, it argues, SMG failed to allege breach or damages. *Id.* at 11–12, 14.

I disagree. To survive a motion to dismiss, SMG need not *prove* that there was a breach, but only *plausibly allege* that. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Since the settlement was for almost double the $22.5 million threshold, the receivables plausibly met it.

To estimate what Day really got for the receivables, we would need to know the size and strength of all the claims that were settled. But that is an issue for discovery. For now, SMG has done enough to press on.

SMG also sues for breach of the implied covenant of good faith and fair dealing. The implied covenant is "a way of implying terms in [an] agreement" to account for "unanticipated developments." *Oxbow Carbon & Mins. Holdings, Inc. v. Crestview-Oxbow Acquisition, LLC*, 202 A.3d 482, 506–07 (Del. 2019). A court may imply terms only if the parties "would have agreed to them[] had they considered the issue … at the time of contracting." *Gerber v. Enter. Prods. Holdings, LLC*, 67 A.3d 400, 418 (Del. 2013). According to SMG, Day had an implied duty not to settle the receivables in a way that hid how much it got for them. Compl. ¶ 43.

The contract plausibly had that implied term. Without it, Day might avoid paying just because it grouped claims together. Yet if the parties had imagined Day would do this, they plausibly would not have agreed to let it escape paying so easily.

Day's responses are not persuasive. First, it argues that the good-faith claim is the same as the contract claim. Not so. Though the claims ask for the same damages, they challenge different acts: the contract claim challenges Day's failure to pay; the good-faith claim, how it structured the settlement.

Next, Day argues that the contract did not address how it must negotiate with the State Department. But good-faith claims are precisely for situations that a contract did not imagine.

Finally, Day argues that it did not act unreasonably. I am not so sure. If Day could avoid paying any money just because it grouped the receivables with other claims, that might be unreasonable. So for now, the good-faith claim survives.

Because SMG has stated plausible contract and good-faith claims, I will deny the motion to dismiss.